T.C. Summary Opinion 2002-77

UNITED STATES TAX COURT

VERNON J. NICHOLAS, III, AND MICKI NICHOLAS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10398-00S.              Filed June 27, 2002.

Vernon J. Nicholas III, pro se.

Rollin G. Thorley, for respondent.


PAJAK, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the years in issue.

Respondent determined deficiencies in petitioners' 1997 and

1998 Federal income taxes in the amounts of $3,625 and $1,526, respectively. Petitioners conceded that they had unreported income in the amounts of $748 in 1997 and $54 in 1998. The sole issue the Court must decide is whether Social Security disability payments are includable in gross income.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Las Vegas, Nevada, at the time they filed their petition.

Petitioners timely filed their joint 1997 Federal tax return (1997 return). Petitioners reported adjusted gross income of $51,316 on their 1997 return.

Petitioners timely filed their joint 1998 Federal tax return (1998 return). Petitioners reported adjusted gross income of $66,049 on their 1998 return.

Petitioner Micki Nicholas (petitioner) received Social Security disability benefits in 1997 of $17,587. Portions of the amount received in 1997 included unpaid disability claims for the taxable years 1994, 1995, and 1996. Petitioner also received $6,249 in Social Security disability benefits during 1998. Petitioners did not report any portion of the disability benefits received in 1997 and 1998 on their respective Federal income tax returns.

Petitioners contend that the Social Security disability benefits are not taxable and, additionally, that a portion of the

benefits received in 1997 related to a work-related injury settlement for prior taxable years.  Respondent contends that 85 percent of the Social Security disability benefits received by petitioner are subject to tax under section 86(a) and that $14,949 and $5,312 is includable in petitioner's gross income for the taxable years 1997 and 1998, respectively.

In certain circumstances, section 7491 places the burden of proof on respondent with regard to certain factual issues. Because the facts in this case are undisputed, we find that section 7491 has no bearing on the determination of the legal issues before us.

Prior to 1984, certain disability benefits were excludable from an employee's gross income under section 105(d).  Maki v. Commissioner, T.C. Memo. 1996-209.  However, this section was repealed, and "since 1984 Social Security disability benefits have been treated in the same manner as other Social Security benefits."  Id.; accord Bradley v. Commissioner, T.C. Memo. 1991-578.  Accordingly, we hold that the Social Security disability payments received by petitioner are subject to tax in the same manner as other Social Security benefits.

Section 61(a) provides that gross income includes all income from whatever source derived, unless excludable by a specific provision of the Code.  Moreover, section 86(a) requires the inclusion of a portion of Social Security benefits in gross

income when the sum of the recipient's modified adjusted gross income plus one-half of the Social Security benefits exceeds certain threshold amounts. In the case of a joint return, when this sum exceeds $32,000, the lesser of such excess or 50 percent of the Social Security benefits received during the taxable year must be included in gross income. Sec. 86(a)(1), (c)(1)(B). When this sum exceeds $44,000 in the case of a joint return, up to 85 percent of the Social Security benefits received during the taxable year must be included in gross income. Sec. 86(a)(2), (c)(2)(B). Under section 86, modified adjusted gross income in general equals adjusted gross income with adjustments not relevant here. Sec. 86(b)(2).

Social Security benefits are included in the recipient's gross income in the taxable year in which the benefits are received. Sec. 86(a)(1). An election may be made by taxpayers who receive lump-sum payments of Social Security benefits during the taxable year in which a portion of the benefits is attributable to previous taxable years. Sec. 86(e). Section 86(e) provides that, if the election is made, the amount included in gross income for the taxable year of receipt must not exceed the sum of the increases in gross income for those previous taxable years that would result from taking into account the portion of the benefits attributable to the previous taxable years. Accordingly, if no election is made by the taxpayer under

section 86(e), lump sum distributions of Social Security benefits are includable in the taxpayer's gross income in the taxable year the benefits are received. Petitioners did not make an election under section 86(e) with respect to the lump-sum Social Security disability benefits received in 1997.

Accordingly, we sustain respondent's determination that petitioners' gross income includes 85 percent of the respective Social Security disability benefits received during the years in issue.

Reviewed and adopted as a report of the Small Tax Case Division.

Decision will be entered for respondent.